IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JAMES BUSH                                                    PLAINTIFFS

VS.                                          CIVIL ACTION NO. 4:11cv87-A-V

DELTA REGIONAL MEDICAL CENTER                                 DEFENDANT


## ORDER

This matter is before the court on motion of the defendant to compel enforcement of a settlement agreement and for sanctions (# 40) and a counter motion by plaintiff for sanctions (#42). The present action was filed pro se under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq, the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq and the Americans with Disability Act, 42 U.S.C. §§ 12102 et seq.

The parties participated in a Settlement Conference in this court on May 22, 2012, at which time, the parties entered into a "Memorandum of Understanding" signed by counsel for the defense and Mr. Bush. The memorandum of Understanding reads as follows:

> James Bush and Delta Regional Medical Center have agreed to settle all claims pending in the United States District Court, No. 4:11cv87, not including Bush's pending worker's compensation claim, for and in consideration of [settlement amount redacted], subject to the following;
>
> (1) Settlement remains confidential;
>
> (2) Bush agrees never to re-apply for employment at Delta Regional Medical Center;
>
> (3) Standard withholdings will be made on the settlement amount, such as taxes, medicare, etc.

(4) Bush will be solely responsible for taxes on the remaining settlement amount if any.

Following the settlement conference, counsel for the defendant mailed a release to the pro se plaintiff, which led to a protracted exchange of correspondence between plaintiff's counsel and pro se plaintiff. As a result, defense counsel opted to withdraw the release and on August 2, 2012, tendered a check to plaintiff for the amount agreed upon in the Memorandum of Understanding signed by the parties at the May 22, 2012 settlement conference. Plaintiff returned the executed checks in an attempt to terminate the settlement agreement between the parties.

After considering the parties' motions and briefs and conducting an evidentiary hearing that took place on October 7, 2012, the court finds as follows:

A district court has the inherent power to recognize, encourage and when necessary enforce settlement agreements reached by the parties. *Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994). The interpretation and validity of a release of claims under Title VII is governed by federal law, and this court adopts the totality of the circumstances test adopted by the Fifth Circuit to determine the validity of an agreement between the parties. *Smith v Amedisys Inc*. 298 F. 3d 434, 441 (5th Cir. 2002). Under federal law, agreements to settle Title VII claims must be entered into voluntarily and knowingly, however such settlements are not required to be reduced to writing and one who attacks a settlement must bear the burden of showing that the contract is invalid. *Mid-South Towing Co. V. Har-Win, Inc.* 733 F.2d 386, 392 (5th Cir. 1984).

At the evidentiary hearing conducted on November 7, 2012, Mr. Bush confirmed to the court that his signature was on the Memorandum of Understanding and that he did in fact sign

this memorandum.  Furthermore, he exhibited an understanding of the case and the agreement between the parties.  While the court is unclear why defense counsel mailed the plaintiff a further release, given defense counsel's withdrawal of same and the unambiguous language of the Memorandum of Understanding, the court finds that there was a knowing and voluntary agreement by Plaintiff to settle his claims on the terms set forth in the MOU.

At the instruction of the court, defense counsel re-tendered the settlement amount to plaintiff at the hearing.

Additionally, the court considered both parties motions for sanctions and found neither to be well-taken.

IT IS THEREFORE ORDERED that the court's ruling from the bench shall govern and defendant's motion to enforce the settlement agreement and for sanctions (# 40) is hereby GRANTED IN PART AND DENIED IN PART.  Furthermore, plaintiff's motion for sanctions (#42) is DENIED.

SO ORDERED, this the 9th day of November 2012.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE